Request of House of Representatives,
No. 4790.

### OPINION OF THE JUSTICES.

Submitted September 1, 1959.

Answer returned September 2, 1959.

The following resolution adopted by the House of Representatives on August 27, 1959, was filed in this court on the same date:

"WHEREAS, the House of Representatives has pending before it House Bill No. 489 (In New Draft and With New Title) An act authorizing branch banking facilities under limited conditions, and

"WHEREAS, Questions have arisen concerning the constitutionality of proposed amendments to this legislation, now therefore be it

"RESOLVED, That the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions:

"1. Does any provision of the proposed amendment violate any of the provisions of the Constitution of the State of New Hampshire?

"2. If the answer to question No. 1 is in the negative would the answer still be in the negative if the preamble and section 1 of the proposed amendment were deleted?"

The following answers were returned:

*To the House of Representatives:*

The undersigned Justices of the Supreme Court submit the following answers to the inquiries contained in your resolution with reference to House Bill No. 489 (in new draft and new title) which as proposed to be amended is entitled "An act authorizing the establishment of a branch in Penacook." Your inquiries and our answers are confined to the proposed amendments which appear in the Journal of the House for August 26, 1959, and which are included as an appendix to this opinion.

In broad outline the preamble of the amended bill recites that the authorization of the establishment of a branch bank in the village of Penacook will result in increasing the liquidating assets by $150,000, thus minimizing the loss to depositors. Section 1, entitled "Declaration of Purpose" recites the previous attempts to reorganize the Valley Trust Company of Penacook which was closed on June 24, 1958, and declares that this is a special emergency requiring special emergency legislation for the depositors and people residing in Penacook.

Section 2 authorizes any trust company, mutual savings bank, or guaranty savings bank "now or hereafter organized and existing under the laws of the state of New Hampshire . . . . " and authorized to engage in the banking business within the city of Concord to apply under RSA ch. 392 to operate a single branch bank in Penacook. This section further provides that it does not limit or restrict any national bank doing business in Concord from establishing a branch in Penacook, in conformity with the laws of the United States governing national banks.

Section 3 provides that nothing in this amended act is to authorize the operation of branch banks in this state "except as

expressly provided in section 2." Section 4 provides the amended bill shall take effect upon its passage.

Your first inquiry is whether any provision of the amended act violates the Constitution of this state. The answer is no.

There are several reasons which support this conclusion. First, there is no specific constitutional prohibition in the New Hampshire Constitution against special or local legislation to fulfill a particular local need. 2 Sutherland, Statutory Construction, s. 2101. As was said in *State* v. *Griffin*, 69 N. H. 1, 32, the "legislature may constitutionally pass a general law in relation to a particular place." Again in *Canaan* v. *District*, 74 N. H. 517, 547, it was stated that "no clause in the constitution prohibiting legislation applicable to a particular place or subject is pointed out." See also, Binney, Restriction Upon Local and Special Legislation in State Constitutions, ch. II.

Second, decisions in this state have long sustained the right of the Legislature to pass local legislation to alleviate local problems. *Scott* v. *Willson*, 3 N. H. 321, 328; *Charter of Manchester*, 47 N. H. 277; *State* v. *Griffin*, 69 N. H. 1, 29. See also, *Shirley* v. *Commission*, 100 N. H. 294; *Salsburg* v. *Maryland*, 346 U. S. 545.

Third, the history of banking legislation in New Hampshire shows that beginning at an early date and continuing for more than a century the Legislature has chartered or authorized banks and banking business on a local territorial basis. Illustrative of this history was the establishment of a bank at Portsmouth in 1792 (5 Laws of N. H. 833); the establishment of banks in Portsmouth, Exeter, Keene and Haverhill in 1803 (7 Laws of N. H. 154, 183, 203, 207) and in Amherst and Concord in 1806 (7 Laws of N. H. 518, 521). These and subsequent legislative acts indicate that banks were authorized and chartered on a local and territorial basis. See 10 Laws of N. H. 126 (1830).

Fourth, previous attempts to reorganize or liquidate the Valley Trust Company in Penacook with a minimum loss to depositors indicates that the proposed amendment is bottomed on a specific local need which particularly justifies the enactment of special local legislation. See *Opinion of the Justices*, 102 N. H. 106; *Opinion of the Justices*, 102 N. H. 191; *Opinion of the Justices*, 102 N. H. 189. Therefore, for the reasons mentioned above we conclude that the amended bill does not violate any provision of the New Hampshire Constitution.

Your second inquiry reads as follows: "If the answer to

question No. 1 is in the negative would the answer still be in the negative if the preamble and section 1 of the proposed amendment were deleted?" Since to be of service an answer to your first question must be promptly returned before adjournment of the Legislature and may serve the present legislative purpose, we have deemed it wise not to delay this opinion in order to answer the second question as to which no briefs and memoranda have been filed. Accordingly, under these circumstances no answer is returned to question No. 2.

FRANK R. KENISON.

LAURENCE I. DUNCAN.

AMOS N. BLANDIN, JR.

EDWARD J. LAMPRON.

STEPHEN M. WHEELER.

September 2, 1959.

*Louis C. Wyman,* Attorney General, and *Warren E. Waters,* Deputy Attorney General, furnished a memorandum.

*Upton, Sanders & Upton,* for New Hampshire Association of Savings Banks, also furnished a memorandum.

---

## APPENDIX.

PROPOSED AMENDMENT OFFERED BY

JUDICIARY AND BANKS COMMITTEE TO

HOUSE BILL NO. 489 (New Draft and New Title)

Amend the title of said bill by striking out the same and inserting in place thereof the following:

An Act authorizing the establishment of a branch bank in Penacook.

Amend the bill by striking out all after the title and inserting in place thereof the following:

WHEREAS, the Governor's Committee on The Valley Trust Company has reasonable cause to believe that if legislation is enacted authorizing the establishment of a branch bank in the village of Penacook, the Bank Commissioner, in liquidating the affairs of The Valley Trust Company, will realize from a sale of its assets one hundred and fifty thousand dollars ($150,000.00) in

excess of the amount he would otherwise be able to realize therefrom, thus minimizing the loss to depositors.

*Now, Therefore, Be it Enacted by the Senate and the House of Representatives in General Court convened:*

1. DECLARATION OF PURPOSE. It is the limited purpose of this act to meet the emergency occasioned by the failure of all attempts to reorganize The Valley Trust Company of Penacook, New Hampshire which was closed on June 24, 1958 by order of the superior court in accordance with RSA 395. It is declared that the public convenience and necessity require the existence of banking facilities in Penacook to serve the needs of the citizens residing in that area of this state formerly served by The Valley Trust Company. It is further declared that the general court views the loss of banking facilities in Penacook and the consequent hardship imposed upon depositors and the people residing in Penacook and surrounding communities as a special emergency requiring this special emergency legislation.

2. BRANCH AUTHORIZED. Any trust company, mutual savings bank or guaranty savings bank now or hereafter organized and existing under the laws of the state of New Hampshire and authorized to engage in the business of banking within the city of Concord may apply to the board of incorporation of trust companies established by RSA 392 for permission to establish and operate a single branch in ward 1 of the city of Concord in the village of Penacook. Upon receipt of such application the board shall proceed in the manner prescribed in RSA 392:6-7-8, and decide whether or not the public convenience and advantage would be promoted by the establishment of such branch bank. If the decision is in the affirmative the board shall issue a certificate to such banking corporation authorizing the establishment and operation of such branch. Nothing herein shall limit or restrict any national bank existing and authorized to do business in Concord from establishing a branch in Penacook in conformity with the laws of the United States governing national Banks.

3. LIMITATION. Nothing in this act shall be construed as conferring upon any banking corporation, whether organized and existing under the laws of this state or of the United States, authority to establish and operate a branch within this state except as expressly provided in section 2.

4. TAKES EFFECT. This act shall take effect upon its passage.